Eric M. Kennedy, Bar No. 228393
emk@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone: (213) 439-9911
Facsimile: (213) 439-9922

Robert W. Ward (to be admitted *Pro Hac Vice*)
rward@dillworthip.com
DILLWORTHIP
2 Corporate Drive, Suite 206
Trumbull, CT 06611
Tel. No.: (203) 220-8496
Fax No.: (203) 220-8497

Attorneys for Defendant
Jafrum International, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELMET VENTURE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAFRUM INTERNATIONAL,<br><br>　　　　Defendant. | Case No. 2:14-cv-01307 RGK (SJHx)<br><br>**DEFENDANT JAFRUM INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge: R. Gary Klausner<br>Date: November 10, 2014<br>Time: 9:00 a.m.<br>Crtrm.: 850<br><br>Action Filed: February 21, 2014<br>Trial Date: Not set |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** on November 10, 2014, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Hon. R. Gary Klausner, of the above-captioned court, located at 312 N. Spring St, Los Angeles, CA 90012, Defendant Jafrum International ("Jafrum") will and hereby does move this Court to dismiss Plaintiff Helmet Venture, Inc.'s ("Helmet") First Amended Complaint, with prejudice.

This Motion is made upon the following grounds: (1) lack of jurisdiction, and (2) because the trademark owner (Tegol, Inc.) was not a party at the time of service.

The meet and confer requirements of the Local Rules were satisfied in the context of Jafrum's previous Motion to Dismiss, which was based on similar grounds that Helmet's amended complaint did not rectify.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: October 7, 2014          PAYNE & FEARS LLP

By: _/s/ Eric M. Kennedy_
      ERIC M. KENNEDY

Attorneys for Defendant
Jafrum International, Inc.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

DEFENDANT JAFRUM INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Jafrum International, Inc., pursuant to the provisions of Rule 12(b)(1) and 12 (h)(3) Fed. R. Civ. P., respectfully requests dismissal of the Amended Complaint in the present Lanham Act case for lack of subject matter jurisdiction -- and specifically because the trademark owner (Tegol, Inc.) was not a party to the lawsuit at the time of service of process.

Fundamentally, and as a matter of law and logic, a court without subject matter jurisdiction has the judicial power to take <u>only one action</u> – i.e., to dismiss.

Wherefore, this motion involves the distinction, relationship and interface between the concepts of (i) the power of a court to exercise jurisdiction, and (ii) Article III subject matter jurisdiction.

## I. The Controlling Facts.

- On February 21, 2014, Helmet Venture, Inc. filed a Complaint against Jafrum International, Inc. for alleged trademark infringement, etc.
- On June 3, 2014, Helmet assigned the trademark Registrations to Tegol, Inc.
- On June 18, 2014, service of process was made upon the Defendant Jafrum.
- On August 21, 2014, an Amended Complaint was filed adding Tegol as a purported party Plaintiff.

These matters are already of record.

## II. The Prevailing Law

There is no ambiguity in Rule 12(h)(3) Fed. R. Civ. P., which states:

> (3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court **must dismiss** the action. (emphasis added)

As stated by the Supreme Court in *Arbaugh v. Y & H Corp.,* 546 US 500 ( 2006) As "[W]hen a federal court concludes that it lacks subject-matter

---
DEFENDANT JAFRUM INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

jurisdiction, the court **must dismiss the complaint in its entirety**. See 16 Moore §106.66[1], pp. 106-88 to 106-89." (emphasis added)

A complaint without subject matter jurisdiction may <u>not</u> be "amended" to "cure" the jurisdictional defect. *Morongo Band of Indians v. Cal. St. Bd. of Equal.*, 858 F. 2d 1376, 1380-81 (9th Cir. 1988)

> The district court, believing that it had jurisdiction based on the original interpleader claim, granted the Band leave to file an amended complaint realleging the interpleader claim and adding three claims for declaratory relief. In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced. *See Mollan v. Torrance,* 22 U.S. (9 Wheat.) 536, 538, 6 L.Ed. 154 (1824) (jurisdiction "depends upon the state of things at the time of the action brought"); *Nuclear Eng'g Co. v. Scott,* 660 F.2d 241, 248 (7th Cir.1981) ("Jurisdictional questions are answered by reference to the time of the filing of an action...."), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982); *Mobil Oil Corp. v. Kelley,* 493 F.2d 784, 786 (5th Cir.) (jurisdiction "is determined at the outset of the suit"), *cert. denied,* 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296 (1974).[2] If jurisdiction is lacking at the outset, the district court has "no power to do anything with the case except dismiss." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844, at 332 (1986) (footnote omitted); *accord United States v. Boe,* 543 F.2d 151, 159 (C.C.P.A.1976) (when subject matter jurisdiction is lacking, the district court "ha[s] no power to do anything, other than to dismiss the action," and any order other than to dismiss is a nullity).

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U. S. 625, 630 (2002).

A court is without jurisdiction until service of process has been accomplished. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 US 344, 350 (1999):

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. See *Omni Capital Int'l, Ltd.* v. *Rudolf Wolff & Co.,* 484 U. S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi*

-2-
DEFENDANT JAFRUM INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

> *Publishing Corp.* v. *Murphree,* 326 U. S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.").

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 350 (1999).

> [A] judgment depending upon proceedings in personam can have no force as to one on whom there has been no service of process, actual or constructive; who has had no day in court, and no notice of any proceeding against him. That with respect to such a person, such a judgment is absolutely void; he is no party to it, and can no more be regarded as a party than can any and every other member of the community. As amply sustaining these conclusions of law, as well as of reason and common sense, we refer to the following decisions. In Borden v. Fitch, (15 Johnson's Rep. 141,) Thompson, Chief Justice, says: "To give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and the subject-matter; and the want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it. The want of jurisdiction makes it utterly void and unavailable for any purpose. The cases in the English courts, and in those of our sister States, are very strong to show that judicial proceedings against a person not served with process to appear, and not being within the jurisdiction of the court, and not appearing in 340*340 person or by attorney, are null and void. In Buchanan v. Rucker, (9 East, 192,)

> A plaintiff has the burden of proof to demonstrate jurisdiction. Lujan v. Defenders of Wildlife, 504 U. S. 555, 561 (1992) ; FW/PBS, Inc. v. Dallas, 493 U. S. 215, 231 (1990). The Plaintiff must allege facts sufficient to show jurisdiction and, when the Court's jurisdiction is appropriately challenged, support those facts by competent evidence. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). This standing requirement stems from Article III of the United States Constitution, which limits the subject matter jurisdiction of federal courts to "cases" and "controversies." U.S. Const, art. Ill, § 2.

*Harris v. Hardeman,* 55 US 334, 339-40 (1853); accord, see *Mason v. Genisco Technology Corp.,* 960 F. 2d 849. 851 (9th Cir. 1992)["A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process. *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir.1991) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 117, 85 L.Ed. 22 (1940))"].

The pronouncements of the 9th circuit in the case of *McLellan v. Automobile Ins. Co. of Hartford, Conn.*, 80 F. 2d 344 (9th Cir. 1935), are likewise clear:

> In <u>Murray v. American Surety Co. (C.C.A.) 70 F. 341, 346,</u> the following language was used: "But the judgment of a court having **no jurisdiction of the subject-matter or the parties,** or the exercise of a power by the court not authorized by the statute in purely statutory proceedings, is utterly **null and void**…. [Many cases cited.]See, also, <u>Broadmoor Land Co. v. Curr (C.C.A.8) 142 F. 421, 423, 424</u>." (emphasis added).

Only the owner of a trademark has standing to sue for infringement. *Dep Corp. v. Interstate Cigar Co., Inc.,* 622 F. 2d 621 (2nd Cir. 1980).

Where standing to sue is lost during the pendency of the litigation, the court will dismiss the case for want of subject matter jurisdiction. *Qimonda AG v. LSI Corp.,* 857 F. Supp. 2d 570 (ED VA 2012).

### III. Analysis.

In the present case, the Plaintiff Helmet Venture filed suit on February 21, 2014. (Doc. 1, filed 2/21/2014). Service of process was effected (belatedly and nearly four (4) months later) on June 18, 2014. (Doc. 13, filed 7/2/2014). However, prior thereto and on June 3, 2014, the Plaintiff Helmet Venture, Inc. had assigned all of the asserted trademark properties to "Tegol, Inc.".

It is fundamental that a Complaint that is void for want of subject matter jurisdiction cannot be amended. See *Dommisse v. Napolitano*, 474 F. Supp. 2d 1121 (D. Ari. 2007).

In the present case, at the time service of process was effected on June 18th, the Court had no subject matter jurisdiction, inasmuch as the Plaintiff Helmut had prior thereto (on June 3rd) assigned the trademark registration to another entities. Accordingly, the Complaint that was served was a nullity, when served.

Helmet now apparently argues that the void status of a Complaint that was a nullity **when served** can somehow later be resurrected via "amendment". Under the law, it cannot. Nor can the filing of a purported Amended Complaint "cure" the

resulting voidness of the proceeding. That is the necessary conclusion of law, and simply because <u>at the critical point in time</u> (*i.e.,* when the court's personal jurisdiction attached) there was no valid *res* in existence upon which the proffered "amended complaint" could attach[1].

In light of the prevailing facts, the Plaintiff Helmet had on June 3, 2014 had lost any previously existing standing to sue. As the Supreme Court has held:

> The requisite personal interest that must exist at the commencement of the litigation (standing) **must continue throughout its existence** (mootness). (emphasis added)

*Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)).

Nor may the loss of standing here -- which (i) is jurisdictional, and (ii) thus has resulted in fatal mootness -- be somehow "cured" by subsequent joinder of the trademark owner:

> The Court notes that although the Federal Circuit has held that a temporary loss of standing before judgment can be cured where the jurisdictional challenge occurs after the party holding all substantial rights has been joined, see <u>*Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1371-72 (Fed.Cir.2004),</u> it has expressed "grave doubt" that the Rule 25(c) substitution vehicle may be invoked to continue an action at the time the plaintiff has lost standing to sue. See <u>*Schreiber Foods*, 402 F.3d at 1204 & n. 6</u> (following *CAT Contracting* but rejecting plaintiff's alternative argument that case could have continued under Rule 25(c) even if plaintiff never reacquired requisite stake in the litigation).
>
> While this may seem to be a harsh result that elevates form over substance, it is not the place of this Court to find jurisdiction when it may seem more convenient and practical to do so. **Following this course would in fact allow the rules governing the manner and form of litigation, at a party's behest, to override substantive constitutional limits on federal judicial power**[2].

---

[1] As a matter of logic and law, an amended complaint cannot exist unless there is an underlying complaint.

[2] And to restate the obvious, interpretations of Federal Rules that negate Constitutional provisions are not permitted. See <u>U.S. Constitution</u>, Article III, §2; (footnote continued)

*Qimonda AG v. LSI Corp.,* 857 F. Supp. 2d 570, 581 (ED VA 2012).(emphasis added).

So it is here. This case must be dismissed.

## Conclusion

The present case should be dismissed for loss of standing, hence mootness, and thus lack of jurisdiction, and the same is respectfully sought.

Respectfully submitted this 7th day of October, 2014.

DATED: October 7, 2014          PAYNE & FEARS LLP

By: */s/ Eric M. Kennedy*
     ERIC M. KENNEDY

Attorneys for Defendant
Jafrum International, Inc.

---

see, *e.g., US v. Villar,* 586 F. 3d 76, 86 (1st Cir. 2009)[rule should not be applied in such a way as to violate Constitutional rights], among many others.