1 | Evan G. Anderson, Bar No. 249,319
Evan@bviplaw.com
2 | **BRAND VENTURES IP LAW**
2434 Lincoln Blvd., Floor 2
3 | Los Angeles, CA  90291
Telephone:  (310) 425-3428
4 | Facsimile:   (424) 750-9499

5 | Attorneys for Plaintiff
Helmet Venture, Inc.
6 | Tegol, Inc.

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | Helmet Venture, Inc. and Tegol, Inc.,    Case No. 2:14-cv-01307

12 | **PLAINTIFF HELMET VENTURE INC.'S RESPONSE TO DEFENDANT JAFRUM INTERNATIONAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

13 |                   Plaintiff,

14 | v.

15 | Jafrum International,

16 |                   Defendant.

17

18

19 |    Helmet Venture, Inc. ("Helmet") and Tegol, Inc. hereby allege and aver

20 | based on knowledge as to its acts and based on information and belief as to the acts

21 | of others, as follows:

22 | **PRELIMINARY STATEMENT**

23 |    1.    As a preliminary matter, it should be noted that the present filed

24 | Motion was filed on October 31, 2014 as a result of counsel for Plaintiff relying on

25 | the date set forth in the Stipulated Motion to Extend the Time for the Response to

26 | the Defendant's Motion to Dismiss as the applicable due date for said Motion.

27 | Counsel for Plaintiff, as set for in the accompanying Second Motion to Extend

28

*(left margin, vertical text)* BRAND VENTURES IP LAW ATTORNEYS AT LAW LOS ANGELES, CA

BRAND VENTURES IP LAW
ATTORNEYS AT LAW
LOS ANGELES, CA

Time for the Response to the Defendant's Motion to Dismiss, made the initial request due to significant extraneous circumstances that resulted in counsel for Plaintiff being physically unable to leave his home and perform his normal day to day duties.

2.     The morning following the submission for the Extension of Time, counsel for Plaintiff received medical test results that confirmed he was suffering from a spinal condition that was more serious and more widespread than was previously believed.  Further, the spinal condition that counsel for Plaintiff was diagnosed with on the morning of October 23, 2014 was by its nature a condition that was susceptible to sudden worsening if counsel for Plaintiff participated in normal or even certain limited physical activity.

3.     Fearing what could result from any further damage, counsel for Plaintiff decided that it was necessary to take the advice of his doctors and to the full extent possible, refrain from any and all activities, even those activities that required only sitting or standing, as any unnecessary use of the spine could have resulted in increased pain and could potentially make any resulting damage more serious and long-lasting.

4.     To help alleviate the severe pain and the limitations on physical activity that rendered counsel for Plaintiff effectively bed-ridden, a medical procedure was scheduled for November 23, 2014 to address counsel the Plaintiff's specific injury and the resulting impact said injury had on the long term health and functionality of his spine.

5.     On the advice of his doctors, counsel for Plaintiff decided that it was necessary and from a medical perspective beneficial to his short term and long term health to adhere from all works that was not absolutely necessary.  Given that the present Motion was the only deadline of note for which a substantive response was due during the span of time from October 23, 2014 to October 31, 2014, counsel for Plaintiff planned to refrain from any substantive work until it was time for the

RESPONSE TO MOTION TO DISMISS

1    present Response Motion to be due, the date for which he understood to be October

2    31, 2014.

3        6.      Only upon referencing the Defendant's Motion to Dismiss on October

4    31, 2014, was it discovered by the counsel for Plaintiff that the stipulated to and

5    agreed to proposed new due date of October 31, 2014 was changed and replaced by

6    October 24, 2014.

7

8                    **MEMORANDUM OF POINTS AND AUTHORITIES**

9        7.      Plaintiff Helmet Venture and Plaintiff Tegol, Inc. disagree with the

10   interpretation of law and fact presented by Defendant Jafrum International Inc. in

11   its Second Motion to Dismiss for Lack of Subject Matter Jurisdiction.

12       8.      First, an important fundamental question is raised by a careful analysis

13   of both of Defendants Motion to Dismiss.  This question centers on the level of

14   scrutiny and analysis the Court used when it deemed the Defendant's First Motion

15   to Dismiss as Moot when they recognized an Amended Complaint with a Plaintiff

16   added to the case.  As the first Motion to Dismiss raised the point that even in the

17   event of an attempt by the Plaintiff to add an additional party subsequent to their

18   Motion to Dismiss, the law does not allow for such an amendment nor does such an

19   amendment cure the jurisdictional deficiencies pointed to by the Defendant in the

20   First Motion to Dismiss that they filed.

21       9.      When the Plaintiffs First Amended Complaint was submitted, and on

22   that basis, the Court ordered the First Motion to Dismiss dismissed as moot, the

23   filing of the Second Motion to Dismiss by the Defendant basically reflects the

24   position that the Court erred in dismissing the first Motion to Dismiss as the same

25   points are raised in both and the same law is used to construct the main argument is

26   both the First and Second Motion to Dismiss.

27       10.     In ruling that the Amended Complaint rendered the First Motion to

28   Dismiss moot reflects a substantive position considered and decided by the court

BRAND VENTURES IP LAW
ATTORNEYS AT LAW
LOS ANGELES, CA

that whatever issues may have existed before the Amended Complaint, the Amended Complaint addressed those issues sufficiently and thus the basis for a dismissal was no longer present.

11.   As we will show through simple facts and evidence that were either not mentioned or not referenced by Defendant, the Amended Complaint was never necessary to create some form of absent subject matter jurisdiction as both parties had an independent and effective basis for establishing subject matter jurisdiction at the time necessary on the basis of the USPTO's Trademark Registration records.

I.   **The Controlling Facts**

- On November 12, 2013, Jafrum International filed a Petition for Cancellation against Helmet Venture's REBEL HELMETS Trademark Registration.

- On November 18, 2013, Jafrum International filed a Cancellation Proceeding with the USPTO's Trademark Trial and Appeal Board ("TTAB") for the Cancellation of Helmet Venture's REBEL HELMET Trademark Registration.

- On February 21, 2014, Helmet Venture, Inc. filed a Complaint against Jafrum, Inc. for alleged trademark infringement as well as additional claims for false designation of origin and unfair competition.

- On June 3, 2014, Jafrum International filed an Opposition against Helmet Venture

- On June 3, 2014, Helmet Venture attempted to assign four REBEL Trademark Applications and Registrations.

- On June 18, 2014, the USPTO issued an automatic update of Assignment ownership for the REBEL HELMETS Trademark that is Now owned by, and reflected as such on USPTO's TESS Database, Tegol, Inc.

BRAND VENTURES IP LAW
ATTORNEYS AT LAW
LOS ANGELES, CA

RESPONSE TO MOTION TO DISMISS

BRAND VENTURES IP LAW
ATTORNEYS AT LAW
LOS ANGELES, CA

1        On June 18, 2014, as an apparent result of having been the subject of a

2     previously filed Notice of Opposition, the USPTO did not

3     automatically update the official trademark records for the REBEL

4     Trademark and as such did not officially recognize the assignment nor

5     was Tegol, Inc. noted on the TESS Database as the Current Owner of

6     record, and from that time to the present time, Helmet Ventures is still

7     noted and reflected as the official Owner of Record for the REBEL

8     Trademark Application.

9    •    The USPTO Records indicate that Helmet Ventures additional two

10     REBEL Trademark Applications, REBEL ADVANCE

11     MOTORCYCLE GEAR and REBEL MOTORCYCLE BOOTS,

12     Reflect the processing of the Assignment on June 18, 2013.

13     *See Exhibit A for the USPTO Records for the REBEL Trademarks*

14

15       As the question before us appears to be focused on certain technicalities with

16 Trademark Ownership, as a technical matter, both the REBEL HELMETS

17 Registration the REBEL Trademark Application filed for by Helmet Ventures

18 continues to reflect the current owner of the trademark application in different areas

19 of the records that create a strong and credible impression of ownership by Helmet

20 Ventures at least up until the time necessary to effectively serve the Defendant in

21 the present matter.

22       As for the three other REBEL Trademarks, those marks were all recognized

23 and reflective of Helmet Ventures as the Owner of Record at the time that the

24 Original Complaint was served on Defendant, thus Helmet Ventures was the

25 technical owner of record and capable of serving as Plaintiff in the present case

26 without the inclusion of the latter added Plaintiff Tegol, Inc.

27       In fact, in the Cancellation Proceeding before the USPTO's TTAB for the

28 cancellation of Helmet Venture's REBEL HELMETS Trademark Registration

RESPONSE TO MOTION TO DISMISS

(4028949), Helmet Venture Inc. is still the named defendant which further demonstrates that Tegol is not the officially recognized owner of the REBEL HELMETS Trademark Registration.

II.   **Analysis**

If the Defendant's Motion to Dismiss is based on the premise that there must have been effective subject matter jurisdiction present in the Original Complaint, then it is clear from the relevant facts and supporting materials that the requisite ownership of the trademarks asserted by Helmet Venture in the original Complaint was present at the time that service was completed and the Complaint was service on Defendant.

The request for a trademark to be assigned to another party in itself does not function as the moment in time that trademark rights are effectively conveyed to another party. As there can be any number of defects, problems, and nullifying components present in any request for trademark application and registration assignments, the date on which the USPTO's official records reflect an official transfer in the title of ownership is the earliest that one might be able to claim a trademark had officially changed owners.

The continued reference to the original owner by the TTAB also suggests that because the REBEL HELMETS trademark registration was already subject to the jurisdiction of TTAB Trademark Cancellation proceeding initiated by the Defendant prior to the commencement of the present action, the present litigation action prevented the REBEL HELMETS Registration from being effectively assigned to Tegol, Inc.

The TTAB, which has authority over the REBEL HELMETS trademark registration now that it is being challenged, and they have discretion over issues relating to its registerability and ownership until the Cancellation Proceeding concludes. At the present time, the Defendant in the REBEL HELMETS

RESPONSE TO MOTION TO DISMISS

Trademark Cancellation Proceeding is still listed as Helmet Venture Inc. and there is no mention of or reference to the Assignment.

Because the Defendant is currently in a USPTO TTAB Proceeding involving Helmet Venture's REBEL HELMETS Trademark Registration, it should follow that the Defendant is not opposed to being involved in a proceeding wherein the current owner reflected by the Board is Helmet Ventures.  Since there has been no attempt to clarify or change the disposition of the respective parties in the Cancellation action, then it seems that the Defendant does not object to this characterization of ownership unless it is the central component of a Motion to Dismiss.

Helmet Ventures was the trademark owner of record on June 18, 2014 and after with respect to the REBEL HELMETS Trademark Registration, for which the TTAB still reflects Helmet Venture as the named party to that action.  As there was sufficient subject matter jurisdiction at the time the original complaint was submitted by the Plaintiff as well as at the time of effective service, then it would follow that the Amended Complaint functioned just as the Court originally ruled, it functioned to make the allegations of no subject matter jurisdiction moot.

Just as the court ruled the first Complaint was not impacted by the original motion to dismiss, there is nothing in the record or in the Plaintiff's arguments that indicate the Amended Complaint should be dismissed and therefore, the Defendant's Motion to Dismiss should be denied.

**Respectfully submitted,**

RESPONSE TO MOTION TO DISMISS

1   Dated:  October 31, 2014          **BRAND VENTURES IP LAW**

2

3   By: ____/s/Evan Anderson _____ _____
                Evan G. Anderson

4                                   **Attorneys for Plaintiff,**

5                                   **Helmet Venture, Inc.**
                                    **Tegol, Inc.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -                    RESPONSE TO MOTION TO DISMISS