UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-01307-RGK (SHx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | ***HELMET VENTURE, INC. et al v. JAFRUM INT'L*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Motion to Dismiss First Amended Complaint (DE 29)**

**I.  FACTUAL INTRODUCTION**

On February 21, 2014, Helmet Venture, Inc. ("Plaintiff") filed a Complaint against Jafrum International ("Defendant") alleging: (1) trademark and trade name infringement; (2) false designation of origin; (3) dilution; and (4) unfair competition arising from Defendant's purported use of Plaintiff's trademarks.

At the time the original Complaint was filed, Plaintiff owned the four trademarks in question, which include: "Rebel," "Rebel Helmets," "Rebel Motorcycle Boots," and "Rebel Advance Motorcycle Gear" (collectively, the "Rebel Trademarks"). Plaintiff alleges that it has used the Rebel Trademarks since 2009 to promote and sell its high end line of motorcycle boots, helmets, and apparel.

On June 3, 2014, after filing the original Complaint but before serving process on Defendant, Plaintiff assigned the Rebel Trademarks to a third-party, Tegol, Inc. ("Tegol"). The assignments were recorded by the United States Patent and Trademark Office ("PTO") on June 10, 2014. On June 18, 2014, Plaintiff served the Summons and Complaint on Defendant.

On August 1, 2014, Defendant filed a first Motion to Dismiss the case. On August 21, 2014, Plaintiff filed a First Amended Complaint ("FAC") adding Tegol as a Plaintiff. On September 23, 2014, in light of Plaintiff's FAC, the Court denied as moot Defendant's first Motion to Dismiss.

Currently before the Court is Defendant's Motion to Dismiss the FAC.

**II.     JUDICIAL STANDARD**

Federal courts are courts of limited jurisdiction. A party may move to dismiss a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). When a defendant files a Rule 12(b)(1) motion, the plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Kokken v. Guardian Life Ins. Co.*, 511 U.S. 375, 277 (1994). At the pleading stage, a plaintiff meets this burden by alleging sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

**III.    DISCUSSION**

Defendant argues that the Court lacks subject matter jurisdiction over this case because Plaintiff lost standing when it assigned the Rebel Trademarks to Tegol before effecting service of process on Defendant. The Court disagrees.

Article III standing requires: (1) injury in fact (invasion of a legally protected interest), (2) a causal relationship between the injury and the challenged conduct; and (3) likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–1 (1992). As pointed out by Defendant, there is no subject matter jurisdiction in the absence of standing. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546–47 (1986). It is well-established that the existence of subject-matter jurisdiction is determined based on the state of things at the time the plaintiff brings the action. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).

It is undisputed that at the time Plaintiff filed its Complaint, Plaintiff was the owner of the Rebel Trademarks. Moreover, in both the Complaint and the FAC, Plaintiff alleges that through its extensive use, advertising and marketing, and promotion of the Rebel Trademarks, Plaintiff built up a valuable reputation and goodwill symbolized by the trademarks. Plaintiff further alleges that as a result of Defendant's infringement, Plaintiff suffered damage to its business and reputation, and lost sales and profits. (Compl., 6:23–6:25, 9:22–9:24; FAC, 7:3–7:5, 10:27–11:1.) These allegations indicate that at the time Plaintiff filed its case, it had standing. Specifically, Plaintiff suffered an injury in fact, caused by Defendant's conduct, and likely redressed by a favorable decision. Defendant has not offered any evidence to refute this. Rather, in support of its position, Defendant relies on *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). *Murphy Brothers*, however, is not pertinent, as the case addresses a court's lack of personal jurisdiction over a party who has not been served. Those facts are not present here.

Based on the foregoing, the Court finds that because standing existed at the time the case was filed, the Court has subject matter jurisdiction. *See Mollan v. Torrance*, 22 U.S. 537, 539 (1824) ("It is quite clear, that the jurisdiction of the Court depends on the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events.")

## IV.     CONCLUSION

Based on the foregoing analysis, the Court **DENIES** Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

**Initials of Preparer**     _____

3